### HOGAN v. CLARKE et al.

(Supreme Court, Appellate Division, First Department. May 23, 1902.)

CONTEMPT—APPEAL—SUFFICIENCY OF EVIDENCE—REFERENCE.

Where the affidavits on motion to punish defendant for contempt in failing to obey an order are so unsatisfactory as not to enable the court to determine with accuracy whether the defendant is in contempt, an order denying the motion will be reversed, and the matter sent to a referee to hear evidence as to defendant's guilt.

Appeal from special term, New York county.

Action by James C. Hogan against Arthur Clarke and others. From an order denying a motion to punish the defendant Clarke for contempt, the plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON,. O'BRIEN, and LAUGHLIN, JJ.

Robert J. Mahon; for appellant.

Samuel Levy, for respondents.

PER CURIAM. The defendant Arthur Clarke was directed by the court to turn over to the receiver, the appellant herein, certain moneys,. and also to deliver to him certain books. Subsequently the receiver made a motion to punish the defendant Clarke for contempt of court in failing to comply with that order. The motion was denied, and the receiver has appealed.

An examination of the affidavits upon which the order was made shows them to be very unsatisfactory. They are so contradictory that it is impossible to determine with any degree of accuracy whether the defendant Clarke is guilty of contempt or not, and for that reason we think the order should be reversed, and the matter sent to a referee to take the proof of the respective parties, and report the same to the court. There such witnesses as the parties may see fit to produce can be subjected to a cross-examination, and facts ascertained which will enable the court to determine whether its order has been willfully disobeyed.

The order appealed from, therefore, is reversed, without costs to either party, and without prejudice to a renewal of the motion upon, the termination of such reference.